**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GREGORY MARQUE HILLIE**                                                      **PETITIONER**

**V.**                                                                              **NO. 4:17-CV-70-DMB-RP**

**JUDGE CHARLES WEBSTER and
JUDGE LINDA COLEMAN**                                                      **RESPONDENTS**

*CONSOLIDATED WITH*

**GREGORY MARQUE HILLIE**                                                      **PETITIONER**

**V.**                                                                             **NO. 4:17-CV-135-DMB-JMV**

**SHERIFF KEVIN WILLIAMS and
ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI**                                                          **RESPONDENTS**

**ORDER**

Before the Court in the lead case of these consolidated cases are the Report and Recommendation of United States Magistrate Judge Roy Percy, Doc. #11; and the objections of Gregory Marque Hillie, Doc. #13.

**I
Background and Procedural History**

On March 30, 2016, in Bolivar County Circuit Court Cause No. 2016-008-CR2, Hillie was indicted by a grand jury on one count of first degree murder and one count of aggravated assault, with a sentencing enhancement for using a firearm during the commission of such crimes. Doc. #10-1.[1]  Christopher F. Powell was appointed counsel for Hillie and a trial date was set for November 14, 2016. Doc. #10-2. Subsequently, Powell moved for and was granted an order requiring Hillie to undergo a mental examination to determine his capacity and/or competency to

---

[1] All citations are to the record in No. 4:17-cv-70 unless otherwise indicated.

stand trial, and his ability to decipher between right and wrong at the time of the alleged acts. Doc. #10-3; Doc. #10-4. The trial date was continued pending the results of Hillie's mental evaluation. Doc. #10-5.

On December 11, 2016, a mental evaluation was attempted but, due to Hillie's refusal to cooperate, the examiner suggested that he be referred to Forensic Services at the Mississippi State Hospital for further evaluation. *See* Doc. #10-6. On June 5, 2017, the Bolivar County Circuit Court ordered that Hillie be transferred to the Mississippi State Hospital to undergo mental evaluation at the earliest possible date. *Id*.

On or about May 24, 2017, Hillie filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," naming as respondents "Judge Charles Webster of Clarksdale, MS" and "Judge Linda Colemen [sic] of Cleveland, MS." Doc. #1. In the petition, Hillie states:

> Motion of Comparison Rico Act violation been here since 8/10/2015 haven't been to … [trial] case no M-2015-50 and case no. … 2016-008- … cr2 Attorney Chris Powell of Cleveland, MS been file motion with out … a contract sign from me request procuse[.]

*Id*. at 1. As relief, Hillie requests that the Court "procure … criminal charges[;] Rico Act violation." *Id*. at 14. On June 27, 2017, the respondents filed a "Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted." Doc. #10.

On August 8, 2017, United States Magistrate Judge Roy Percy issued a Report and Recommendation, recommending that (1) the respondents' motion to dismiss be granted, (2) Hillie's petition for writ of habeas corpus be dismissed with prejudice, and (3) a certificate of appealability be denied. Doc. #11. On or about August 18, 2017, Hillie filed objections to the

Report and Recommendation.[2] Doc. #13.[3]

## II
## Standard

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

## III
## Discussion

The Report and Recommendation states:

> while a petitioner may seek "to enforce the state's obligation to bring him promptly to trial" in a § 2241 petition, he may not attempt to derail a pending state proceeding "by litigating a [constitutional] defense to a prosecution prior to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
>
> Hillie's petition raises no inference that he is seeking to enforce a speedy trial right. Rather, he asks to "procure criminal charges[;] Rico violation" against Respondents in federal court. … Therefore, he is seeking relief that is not attainable through a federal habeas proceeding.

---

[2] Approximately a month later, on or about September 20, 2017, Hillie filed a second "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," naming as respondents "Sheriff Kelvin Williams" and "Jim Hood." *See Hillie v. Williams*, No. 4:17-cv-135 (N.D. Miss.), at Doc. #1. On October 11, 2017, Williams and Hood filed a motion to consolidate that case with the instant case. *Id*. at Doc. #7. Hillie responded to the motion to consolidate about a week later. *Id*. at Doc. #9. On October 26, 2017, United States Magistrate Judge Jane M. Virden ordered that the instant case be consolidated with No. 4:17-cv-135 because "the two petitions [for writ of habeas corpus] challenge the same charges pending against [Hillie] in Bolivar County Circuit Court," with the instant case serving as the lead case. *Id*. at Doc. #10.

[3] Hillie's objections to the Report and Recommendation, which are in a document titled "Motion Comparison," were docketed as a response to the respondents' motion to dismiss. *See* Doc. #13.

Doc. #11 at 2.[4] Although unclear, it seems Hillie objects to the Report and Recommendation on several grounds.

First, Hillie argues that his attorney, Powell, did not have the authority to file a motion for mental examination on his behalf. Because this is an issue that must be addressed through state court proceedings, the Court overrules this objection.

Second, Hillie argues that the respondents' motion to dismiss is illegal because Attorney General Jim Hood's original signature is not on it, and that his constitutional rights have been violated because Judge Percy's original signature is not on the Report and Recommendation. These arguments are without merit because the lack of original signatures on the indicated documents has no bearing on the Court's conclusion below.

Third, it seems Hillie argues that the grand jury that indicted him in cause number 2016-008-CR2 violated the Rico Act, Spy Act, and the Privacy Act by gaining access to his court documents without his permission.[5] The Court overrules this objection as frivolous.

Lastly, it appears Hillie argues that because there was no preliminary hearing, Judge Webster violated the Eleventh Amendment. Because whether a preliminary hearing is necessary is an issue to be raised through state court proceedings, the Court overrules this objection.

Having fully addressed Hillie's objections, the Court has reviewed the remainder of the Report and Recommendation and found no plain error.

---

[4] Hillie's petition is improperly brought under 28 U.S.C. § 2254 because he is a pretrial detainee. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("§ 2254 … applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'") (quoting 28 U.S.C. §§ 2254(a) and (b)). Pretrial petitions are properly brought under 28 U.S.C. § 2241. *Id*. However, because Hillie is pro se, the Court will construe Hillie's petition as seeking relief under § 2241, as did Judge Percy.

[5] Although Hillie's motion refers to a "jury" indicting him, the Court presumes he means grand jury, as a grand jury determines whether charges should be brought.

# IV
## Conclusion

For the reasons above: (1) the August 8, 2017, Report and Recommendation [11] is **ADOPTED**;[6] (2) the respondents' motion to dismiss [10] in No. 4:17-cv-70 is **GRANTED**;[7] (3) Hillie's petition for writ of habeas corpus [1] in No. 4:17cv-70 is **DISMISSED**.

**SO ORDERED**, this 27th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Because Hillie is a pretrial detainee, his petition for writ of habeas corpus is construed as a petition under 28 U.S.C. § 2241. The Report and Recommendation recommends that a certificate of appealability be denied. While a Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant" who brings a § 2254 petition, such is not necessary for § 2241 petitions. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (no certificate of appealability required before habeas petitioner appeals dismissal of § 2241 habeas petition); *Montano v. Texas*, 867 F.3d 540, 547 n.8 (5th Cir. 2017) ("Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required."); *see* Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

[7] In his petition, Hillie also references cause number "M-2015-50" but the respondents could not produce any information regarding that file because the Bolivar County Circuit Court Clerk's Office has deemed it confidential. *See* Doc. #10 at 2 n.2. However, the petition for writ of habeas corpus is also properly dismissed to the extent Hillie seeks relief for that cause as Hillie has not shown how he seeks to enforce the state's obligation to promptly try him, or that he has exhausted his state remedies before seeking such relief. *See Brown v. Estelle*, 530 F.2d 1280, 1282–83 (5th Cir. 1976) (although "an attempt to force the state to go to trial is ... attainable through federal habeas corpus, ... the requirement of exhaustion of state remedies still must be met").